IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WAYNE R. RICHARDSON, | ) | NO. 78406-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| EVAN L. LOEFFLER, | ) | |
| | ) | |
| Respondent. | ) | FILED: February 25, 2019 |
| | ) | |

LEACH, J. — Wayne Richardson appeals the trial court's dismissal of his lawsuit—his third legal action involving the foreclosure of property he owned and his eviction from that property. But most of the issues he raises are unrelated to the appealed order of dismissal. And the deficiencies of Richardson's briefing and his failure to provide an adequate record largely preclude appellate review. We affirm.

## FACTS

The procedural history of this case is not entirely clear. It appears that sometime before January 19, 2017, Wayne Richardson filed a pleading entitled "Cause Of Action To Correct Jurisdiction & Control Defendant Enjoin All Cause # To Comply With RAP." He identified attorney Evan Loeffler as the defendant. Loeffler represented a party who purchased real property formerly owned by Richardson at a December 2006 foreclosure sale. Richardson failed to vacate

the property after the 2006 trustee's sale. Loeffler's client, the new owner, filed an unlawful detainer action[1] and evicted Richardson in February 2007. When Richardson continued to visit and create disturbances on the property, Loeffler filed a petition on behalf of his client seeking an antiharassment protection order. The court granted that order in July 2007. It expired in 2009.

Richardson made several legal challenges in the trial court and in this court in connection with these events. He filed a lawsuit in superior court to prevent the foreclosure. The court ultimately denied his request to enjoin the trustee's sale. This court affirmed the trial court's ruling, and the Washington State Supreme Court denied review.[2] Richardson also appealed the trial court's judgment and writ of restitution in the unlawful detainer action, but this court dismissed his appeal. While the litigation involving the foreclosure and unlawful detainer was still pending, Richardson filed a lawsuit against Loeffler's client, seeking title to the property previously foreclosed upon. The trial court dismissed that lawsuit, this court affirmed, and the Washington Supreme Court denied review.[3]

---

[1] It appears that Loeffler, as counsel, filed a previous unlawful detainer action against Richardson in 2002 involving another property.

[2] See Richardson v. Countrywide Home Loans Recon Trust, noted at 139 Wn. App. 1072 (2007), review denied, 163 Wn.2d 1043 (2008).

[3] Mini-Dozer Work v. Kasahara, noted at 156 Wn. App. 1030 (2010), review denied, 170 Wn.2d 1018 (2011).

Richardson's complaint in this lawsuit is not in the record he designated on appeal. So we do not know the precise nature of his claims against Loeffler. Loeffler filed a motion under CR 12(b)(6) to dismiss. Loeffler asserted that he had no involvement in the foreclosure and the new owner retained him only after purchasing the property. Loeffler also argued that the earlier litigation resolved all claims related to the foreclosure and eviction. As a result, the doctrine of res judicata barred this lawsuit. Loeffler also maintained that to the extent Richardson relied on actions he took in the course of litigation on behalf of his client, he was immune from suit.[4]

After a hearing, the trial court granted Loeffler's motion and dismissed Richardson's claims with prejudice. The court's order of dismissal is not in the record. Richardson appeals.

## ANAYLSIS

Courts hold pro se litigants to the same standards as attorneys, and they must comply with all procedural rules on appeal.[5] Failure to do so may preclude review.[6] An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant

---

[4] See Jeckle v. Crotty, 120 Wn. App. 374, 386, 85 P.3d 931 (2004) (attorney immune from litigation by an opposing party for actions taken on behalf of a client in the course of earlier litigation against that party).
[5] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).
[6] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

parts of the record."[7] RAP 10.3(a)(5) also requires that "[r]eference to the record must be included for each factual statement." And the appellant bears the burden of providing a sufficient record to review the issues raised on appeal.[8]

Richardson's brief fails to comply with these rules in many respects. For instance, in his "Introduction," Richardson provides a confusing and nonchronological recitation of facts that do not pertain to the appealed order. The unrelated matters he discusses at length include the circumstances under which he acquired the property foreclosed upon in 2006, the background of entities involved in the foreclosure, and Loeffler's alleged collusion some years after the eviction with a campground manager to harass Richardson and obtain control of his personal property. Neither his introduction nor his statement of the case describes the facts and procedure "relevant to the issues presented for review."[9] Richardson fails to provide precise, "concise" assignments of error and does not identify issues that directly pertain to those claimed errors.[10]

---

[7] RAP 10.3(a)(6).
[8] RAP 9.2; In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990).
[9] See RAP 10.3(a)(5).
[10] See RAP 10.3(4).

Richardson does not provide a single citation to the record to support his assertions of fact. And although Richardson filed clerk's papers, only 89 pages out of the more than 800 pages he filed are associated with this lawsuit.[11] Most importantly, Richardson fails to provide a sufficient record to enable appellate review. Specifically, without Richardson's complaint and the order of dismissal, we cannot fully appreciate the procedural background or discern the basis for dismissal.

The deficiencies in Richardson's briefing and his failure to provide a complete record are sufficient to preclude appellate review. Yet, to the extent we can, we address the issues Richardson raises that relate to the dismissal of his lawsuit against Loeffler. First, Richardson claims that the court should not have considered Loeffler's motion to dismiss because he did not file an answer or other responsive pleading within 20 days of service of the summons and complaint.[12] If true, this would not provide a basis to reverse the court's order. A party may seek entry of a default judgment in the event that an opposing party fails to respond.[13] Second, Richardson claims that the court should have rejected Loeffler's motion to dismiss because he improperly filed the motion

---

[11] The remainder of the clerk's papers are associated with Richardson's 2007 lawsuit against Loeffler's client. Our decision affirming the trial court's dismissal of that case became final on February 11, 2011, when this court issued the mandate terminating direct review.

[12] See CR 12(a)(1).

[13] See CR 55(a)(1).

electronically, although the rules required him to file a paper copy. Electronic filing is mandatory under the local court rule he cites.[14] Richardson claims that the rules require filing in paper form for all documents "having to deal with a hearing or trial." In fact, an exception to mandatory electronic filing applies when a party presents documents for filing "*during* a court hearing or trial."[15]

Richardson fails to establish any basis to reverse the court's order of dismissal.[16]

Affirmed.

_Leach, J._

WE CONCUR:

_____

_Schindler, J._

---

[14] See KING COUNTY SUPER. CT. LOCAL GEN. RULE (KCLGR) 30(b)(4)(A).

[15] KCLRG 30(b)(4)(A)(i) (emphasis added)

[16] Richardson's motions filed in connection with this appeal are likewise without merit. We hereby deny his motion to strike and his "Petition To Reopen Above Cause/Rule On The Last Denial Against Plaintiff' Writ Of Restitution/Judge/Commissioner."